235 F.2d 801
 UNITED STATES of America ex rel. Angelo Frank BRUNO, Appellant,
v.
James M. SWEET, Acting Officer in Charge, Immigration and
Naturalization Service, Kansas City, Missouri, Appellee.
 No. 15477.
 United States Court of Appeals Eighth Circuit.
 July 17, 1956.
 
 Harvey Roney and Walter A. Raymond, Kansas City, Mo., for appellant.
 Edward L. Scheufler, U.S. Atty., and Horace Warren Kimbrell, Asst. U.S. Atty., Kansas City, Mo., for appellee.
 Before WOODROUGH and VAN OOSTERHOUT, Circuit Judges, and HULEN, District Judge.
 VAN OOSTERHOUT, Circuit Judge.
 
 
 1
 Petitioner (appellant) appeals from judgment dismissing his petition for writ of habeas corpus challenging the legality of a warrant issued for his deportation by the District Director of Immigration and Naturalization. Several deportation proceedings were instituted against petitioner, the earliest being in 1936. The present deportation action was commenced by warrant of arrest served upon petitioner on January 16, 1948. After due notice to petitioner, appropriate hearings were held before a special inquiry officer. The petitioner was fully informed of the charges against him, was represented by counsel at all hearings, and was afforded an opportunity to examine the evidence against him and to present evidence in his own behalf. The inquiry officer filed opinion, findings of fact, and conclusions of law, and an order that petitioner Bruno be deported on the following charges:
 
 
 2
 '1. The Immigration Act of May 26, 1924, in that at the time of entry he was an immigrant not in possession of a valid immigration visa and not exempted from the presentation thereof by said Act or regulations made thereunder;
 
 
 3
 '2. Section 241(a)(11) of the Immigration and Nationality Act (8 U.S.C.A. § 1251(a)(11)) in that he has been convicted of a violation of a law governing or controlling the taxing, manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation or exportation, of any of the drugs described therein, to wit: Sale of narcotics, in violation of the Harrison and Jones-Miller Narcotic Act.'
 
 
 4
 The petitioner at the hearing on November 3, 1949, applied for suspension of deportation under section 19(c) of the Immigration Act of 1917, and on April 15, 1954, applied for suspension of deportation under section 244 of the 1952 Act. He also applied for voluntary departure with pre-examination and a waiver under the seventh proviso of section 3 of the 1917 Act. All such relief was denied to him.
 
 
 5
 The Board of Immigration Appeals, after full consideration, dismissed petitioner's appeal, and subsequently denied petitioner's motion for reconsideration of the appeal. Deportation warrant was issued on March 15, 1955, based upon the grounds specified in the special inquiry officer's deportation order.
 
 
 6
 The pertinent facts involved in this case are fairly set out in the trial court's opinion reported at 133 F.Supp. 3. We shall not discuss the facts in detail as we believe that deportation upon the ground of petitioner's previous narcotics conviction is fully supported by law and the undisputed evidence. It is clearly established that petitioner is an alien who first entered this country in 1907; and that petitioner on October 24, 1934, in the United States District Court for the Western District of Missouri, entered a plea of guilty to a count of an indictment charging him with violating the Harrison and Jones-Miller Narcotic Acts and judgment of conviction was entered by said court sentencing the petitioner to a penitentiary term of two years.
 
 
 7
 Section 241(a)(11) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1251(a)(11), provides:
 
 
 8
 'Section 241. Deportable aliens-- General classes
 
 
 9
 '(a) Any alien in the United States * * * shall, upon the order of the Attorney General, be deported who-- * * *
 
 
 10
 '(11) is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of any law or regulation relating to the illicit traffic in narcotic drugs * * *.'
 
 
 11
 In discussing the statute just quoted, the Supreme Court in Marcello v. Bonds, 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107 a case involving a petitioner who had been convicted in 1938 for violation of the Marihuana Tax Act, states, 349 U.S. at page 303, 75 S.Ct. at page 758:
 
 
 12
 '* * * Section 241(a)(11) of the 1952 immigration law makes such conviction at any time ground for deportation, and § 241(d) provides that the deportation provisions of § 241(a) shall apply even though the facts giving rise to the alien's deportability occurred prior to the date of enactment of the 1952 Act.'
 
 
 13
 The Supreme Court there also reaffirms its prior holdings to the effect that the Ex Post Facto Clause of the Constitution does not apply to deportation proceedings, and that the retroactive application of the new grounds for deportation in section 241(a)(11) does not make said Act unconstitutional.
 
 
 14
 The factual situation in our present case is in many respects very similar to that prevailing in Marcello v. Bonds, supra, particularly with reference to the type of offense committed, the length of time intervening between conviction and deportation, and the long residence of the petitioner in each instance within the United States.
 
 
 15
 We are convinced that it has been established beyond controversy that, under section 241(a)(11) of the Act, petitioner's conviction of a narcotics offense was in itself sufficient basis for the deportation order. We deem it unnecessary to determine whether the petitioner was deportable upon the basis of an illegal entry into the United States in 1948, which is the other ground asserted in the deportation warrant.
 
 
 16
 Petitioner also urges that error was committed in denying him discretionary relief. Petitioner had requested suspension of deportation under section 19(c) of the Act of 1917 and also under section 244 of the 1952 Act, and had likewise requested voluntary departure with pre-examination and exercise of the seventh proviso of section 3 of the 1917 Act. Since the application for discretionary relief was originally filed before the effective date of the 1952 Act, the petitioner is entitled to have his claims considered under the 1917 Act. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681. However, as pointed out by the appeal board, section 19(d) of the 1917 Act bars suspension of deportation under section 19(c) to persons convicted of violation of the narcotics law. Since petitioner had been convicted on a narcotics charge, he was not eligible for suspension of deportation under the provisions of the 1917 Act.
 
 
 17
 We now consider petitioner's right to suspension of deportation under section 244 of the 1952 Act. The inquiry officer, the appeal board, and the trial court were of the opinion that the petitioner, because of his 1948 presence in Canada, did not meet the requirement of physical presence in the United States for ten years. For reasons heretofore stated, we have found it unnecessary to consider whether deportation was warranted on the basis of the alleged illegal entry in 1948. For the purposes of this opinion, we shall assume, without so deciding, that the 1948 illegal entry has not been established. Petitioner was physically present in the United States for more than ten years following the commission of the narcotics offense. We approach our decision on the discretionary issue upon the basis that the petitioner has met the statutory requirements for eligibility for a suspension of deportation under the 1952 Act.
 
 
 18
 The Supreme Court in Jay v. Boyd, 76 S.Ct. 919, 924, had occasion to consider the standards to be applied in administering discretionary relief and the scope of review of administrative action upon petitions for discretionary relief. In that case grounds for deportation and eligibility for relief were found to exist. The Court, finding that there was no abuse of discretion in the denial of discretionary relief by the administrative agency, said:
 
 
 19
 '* * * However, Congress did not provide statutory standards for determining who, among qualified applicants for suspension, should receive the ultimate relief. That determination is left to the sound discretion of the Attorney General. The statute says that, as to qualified deportable aliens, the Attorney General 'may, in his discretion' suspend deportation. It does not restrict the considerations which may be relied upon or the procedure by which the discretion should be exercised. Although such aliens have been given a right to a discretionary determination on an application for suspension, cf. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681, a grant thereof is manifestly not a matter of right under any circumstances, but rather is in all cases a matter of grace. Like probation or suspension of criminal sentence, it 'comes as an act of grace', Escoe v. Zerbst, 295 U.S. 490, 492, 55 S.Ct. 818, 819, 79 L.Ed. 1566, and 'cannot be demanded as a right,' Berman v. United States, 302 U.S. 211, 213, 58 S.Ct. 164, 166, 82 L.Ed. 204. And this unfettered discretion of the Attorney General with respect to suspension of deportation is analogous to the Board of Parole's powers to release federal prisoners on parole. * * *'
 
 
 20
 In our present case a full opportunity was afforded the petitioner to present evidence bearing upon discretionary relief, and the inquiry officer and the appeal board discuss at length in their opinions the evidence bearing upon this issue. Among matters considered and discussed were petitioner's family status, his divorce, his lack of knowledge as to the whereabouts of his children and his failure to support them for that reason, the somewhat unusual circumstances relating to his second marriage, frequent charges against the petitioner for disturbing the peace, his connection with Papa's Bar, his serving as a bartender there without a license, the revocation of the license of the bar which petitioner stated was because it was frequented by people of questionable character, his admission that he was manager of the bar but his claim that he was not the owner, other evidence which tended to prove that he was at least a part owner of the bar, his payment of a substantial tax deficiency claimed against the bar, and his admission that he entered Canada by falsely representing himself to be a citizen of the United States. After considering the evidence in detail, the inquiry officer concluded, 'However, upon careful review of the entire record, which includes evidence favorable to this Respondent (petitioner here), it is believed that as a matter of administrative discretion this is not a proper case in which to grant such relief.' The Board of Immigration Appeals stated, 'Furthermore, upon consideration of the record, and representations made, we do not feel that any discretionary relief is warranted in the instant case.' The trial court stated, 133 F.Supp. at page 7:
 
 
 21
 '* * * however that may be, the matter of the grant, or the withholding of the grant, of suspension of deportation is, by the statute, made to depend upon the 'discretion' of the attorney general, and his failure to exercise that discretion favorably to petitioner presents, in my view, an administrative, and not a judicial, question. At all events, there is no evidence upon which I could find an abuse of discretion.'
 
 
 22
 A careful review of the entire record convinces us that petitioner's application for discretionary relief was given full and fair consideration by the inquiry officer and by the Board of Immigration Appeals. We agree with the trial court that the administrative bodies applied proper standards in considering petitioner's applications for discretionary relief, and that no abuse of discretion has been established.
 
 
 23
 Deportation some 22 years after the commission of the narcotics offense appears to be a rather drastic remedy in the present case, particularly in the light of the fact that petitioner has lived in this country since 1907, and has a wife, children, and other relatives living here who are United States citizens. However, we are convinced that under the laws as they exist the deportation is warranted. It is not our privilege or duty to pass upon the wisdom of laws which are constitutionally enacted, nor may we substitute our judgment for that of the administrative officials entrusted by Congress with the enforcement of the laws.
 
 
 24
 The judgment appealed from is affirmed.