**Esmaeil TORABPOUR, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

No. 82–1346.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1982.

Decided Dec. 14, 1982.

Allen W. Hausman, Atty., U.S. Dept. of Justice, Robert Kendall, Jr., Atty., U.S. Dept. of Justice, Washington, D.C., for respondent.

Fishman & Maupins, Phillip F. Fishman, William M. Maupins, Bloomington, Minn., for petitioner.

Before LAY, Chief Judge, and BRIGHT and JOHN R. GIBSON, Circuit Judges.

LAY, Chief Judge.

This is a direct appeal from a decision by the Board of Immigration Appeals, which affirmed a finding by a judge of the Immigration and Naturalization Service (I&NS). The immigration judge found that Esmaeil Torabpour was deportable because he had overstayed his temporary admission period without receiving an extension of stay. On appeal it is urged that Torabpour was denied due process and his right to counsel during the deportation hearings. He also contends that the application to his case of a now-rescinded federal regulation violated his rights to due process and equal protection. Because we find no reversible error in the deportation hearings we affirm the Board's decision.

Torabpour, an Iranian national, came to the United States in August 1979 as a nonimmigrant for the purpose of attending school in this country. When he arrived in the United States he was granted a nonimmigrant student F–1 visa,[1] which was to expire on April 30, 1980. Torabpour began attending school, first at a language center in St. Paul, Minnesota, and then was given permission to transfer into an undergraduate program at the Rochester Community College in Rochester, Minnesota.

The November 1979 takeover of the American Embassy in Tehran, Iran, by Iranian citizens, and the taking hostage of the Americans inside, prompted certain responses by President Carter against Iranians present in the United States. Pursuant to presidential directive, the Attorney General ordered an immediate accounting of all nonimmigrant Iranian students in the United States. The Attorney General also directed the I&NS not to grant extensions of stay to nonimmigrant Iranian nationals.[2]

Shortly before his period of admission was to expire, Torabpour applied to the I&NS for an extension of stay, but the I&NS district director denied his application on the basis of the above-noted regulation, 8 C.F.R. § 214.1(c) (1981). The I&NS thereupon charged Torabpour with being a deportable overstay[3] since his admission pe-

---

1. *See* 8 U.S.C. § 1101(a)(15)(F)(i).

2. 8 C.F.R. § 214.5 (1981) ordered all F–1 and J–1 nonimmigrant Iranian students in the United States to report to a district office of the I&NS and provide information as to current residence and maintenance of nonimmigrant status. 8 C.F.R. § 214.1(c) (1981) provided that nonimmigrant aliens who were Iranian nationals were ineligible for extensions of stay except in certain situations.

Section 214.5 has since been rescinded. 46 Fed.Reg. 25598 (1981) (effective date April 24, 1981). Section 214.1(c) no longer contains provisions excluding Iranian students from receiving discretionary extensions of stay. 46 Fed. Reg. 25597 (1981) (effective date April 24, 1981).

3. 8 U.S.C. § 1251(a)(2) provides:

(a) *General classes.* Any alien in the United States (including an alien crewman) shall,

riod had expired and he had not received an extension of stay.

At Torabpour's first hearing before the immigration judge, on July 17, 1980, the judge remanded the case to the district director for reconsideration of Torabpour's application for an extension of stay.[4] On August 15, 1980, the district director again denied Torabpour's application, this time on the basis that Torabpour had failed to maintain his student status.[5]

Following the district director's second denial, the immigration judge, in a proceeding held pursuant to 8 U.S.C. § 1252(b) on February 18, 1981, found Torabpour to be deportable since he had overstayed his admission period and had not received an extension.[6] The judge refused to allow Torabpour's counsel to contest the finding of deportability. The judge held that only if the district director granted an extension of stay would Torabpour not be an overstay, and that the immigration judge could not

review the district director's decision not to grant an extension.[7] The judge thereupon ordered that Torabpour be deported if he did not depart voluntarily within 15 days.

On March 2, 1982, the Board of Immigration Appeals affirmed the immigration judge's order. Torabpour now appeals the Board's decision to this court.

The provisions of 8 U.S.C. § 1105a(a) grant the courts of appeals exclusive jurisdiction over judicial review of all final orders of deportation made pursuant to administrative proceedings conducted under 8 U.S.C. § 1252(b). The decision by the immigration judge in this case is a final order of deportation, and accordingly we have jurisdiction to review that determination. However, this court has no jurisdiction under this provision to review the decision of the district director, since those decisions do not fit within the parameters of section 1105a(a).[8]

---

upon the order of the Attorney General, be deported who—

. . . .

(2) entered the United States without inspection or at any time or place other than as designated by the Attorney General or is in the United States in violation of this Act or in violation of any other law of the United States. . . .

*Id.*

4. The immigration judge noted in his oral decision that he remanded Torabpour's case because telegrams from various offices of the I&NS indicated that district directors would reconsider the applications of those Iranian students whose applications for extension were denied because of 8 C.F.R. § 214.1(c).

5. The district director held that Torabpour failed to meet the 12-credit hour requirement of the statute and regulations, since he received only seven credits in the winter quarter of 1980, withdrew from four of the 14 credits for which he had registered in the spring quarter of 1980, and received no credit for his other courses during the spring quarter.

Under title 8 U.S.C. § 1101(a)(15)(F)(i) a nonimmigrant alien student is defined as follows: [A]n alien having a residence in a foreign country which he has no intention of abandoning, who is a bona fide student qualified to pursue a full course of study and who seeks to enter the United States temporarily and solely for the purpose of pursuing such a course of study at an established institution

of learning or other recognized place of study in the United States. . . .

*Id.*

A "full course of study," required of nonimmigrant alien students under the statute, is defined by 8 C.F.R. § 214.2(f)(1a)(ii) (1981) as "undergraduate study at a college or university, certified by an authorized official of the institution to consist of at least 12 hours of instruction a week, or its equivalent. . . ." *Id.*

6. This was Torabpour's fourth and last hearing before the immigration judge. The second and third hearings were continued to allow Torabpour to obtain an attorney. He was represented by an attorney at the fourth hearing.

7. *See* 8 C.F.R. § 214.1(c) (1981).

8. In *Cheng Fan Kwok v. INS,* 392 U.S. 206, 212–13, 88 S.Ct. 1970, 1974–75, 20 L.Ed.2d 1037 (1968), the Supreme Court held that a court of appeals had no jurisdiction under 8 U.S.C. § 1105a(a) to review a district director's denial of a stay of deportation because the denial was not an order entered during proceedings conducted under 8 U.S.C. § 1252(b). The Court held that "the judicial review provisions of § 106(a) [8 U.S.C. § 1105a(a)] embrace only those determinations made during a proceeding conducted under § 242(b) [8 U.S.C. § 1252(b)], including those determinations made incident to a motion to reopen such proceedings." 392 U.S. at 216, 88 S.Ct. at 1976 (footnote omitted).

■ Our limited review of final orders of deportation must be made solely on the administrative record, and any findings of fact that are supported by reasonable, substantial, and probative evidence on the record considered as a whole are accepted as conclusive.[9] We must ensure that the alien was granted a fair hearing,[10] that statutory authority existed for the administrative action, that there exists no abuse of discretion in the administrative action, that no prejudicial errors of law were committed by administrative officials, and that the administrative decision-making process in general did not deprive the alien of his constitutional right to procedural due process. *Chavez-Raya v. INS,* 519 F.2d 397, 401 (7th Cir. 1975); *Martin-Mendoza v. INS,* 499 F.2d 918, 920 (9th Cir.1974), *cert. denied,* 419 U.S. 1113, 95 S.Ct. 789, 42 L.Ed.2d 810 (1975); *Biggin v. INS,* 479 F.2d 569, 572–73 (3d Cir.1973). *See also United States ex rel. Bruno v. Sweet,* 235 F.2d 801, 803–05 (8th Cir.1956).

Torabpour has challenged the constitutionality of 8 C.F.R. § 214.1(c) as it was applied to his case in the first denial of his application for extension. He alleges that its application operated to deny him of due process and equal protection. However, because we find that the I&NS was correct in its finding that Torabpour was deportable because he is an overstay, and because, as we noted above, we lack jurisdiction to review the district director's decisions in this proceeding, we do not reach the constitutional question regarding 8 C.F.R. § 214.-1(c).[11]

The petitioner argues that he was denied due process and the right to counsel when the immigration judge refused to allow his attorney to present evidence to the judge on the question of his deportability. We do not agree. Once the district director had denied Torabpour's application for an extension of stay, the conclusion was inescapable that Torabpour was deportable as an overstay, since his admission period had expired, he had not received an extension, and he had not left the country. Torabpour's counsel could not attack the district director's denial of the application for extension since the immigration judge had no jurisdiction to review that denial. *See* 8 C.F.R. § 214.1(c).

We find no prejudicial error of law, denial of due process, lack of statutory authority, or abuse of discretion in the decisions of the immigration judge and the Board of Immigration Appeals. Accordingly, we uphold those decisions.

We recognize that we have no jurisdiction in this proceeding to review the district director's decision that Torabpour had failed to maintain his full-time student status when he applied for an extension of stay. Torabpour's academic record illustrates that the deportation order stems from one or possibly two quarters during which Torabpour carried less than a 12-hour course load. Since so much time has now elapsed from the date of the Board's ruling, we suggest that Torabpour request the district director once again to grant a retroactive extension of stay. We are confident that if Torabpour could demonstrate that

---

9. 8 U.S.C. § 1105a(a)(4).

10. In an administrative hearing to determine deportability, section 1252(b) requires that:

(1) the alien shall be given notice, reasonable under all the circumstances, of the nature of the charges against him and of the time and place at which the proceedings will be held;

(2) the alien shall have the privilege of being represented (at no expense to the Government) by such counsel, authorized to practice in such proceedings, as he shall choose;

(3) the alien shall have a reasonable opportunity to examine the evidence against him,

to present evidence in his own behalf, and to cross-examine witnesses presented by the Government; and

(4) no decision of deportation shall be valid unless it is based upon reasonable, substantial, and probative evidence.

8 U.S.C. § 1252(b).

11. We also note that, although Torabpour challenges the validity of applying the now-rescinded regulation, 8 C.F.R. § 214.1(c), to his case, the district director's second denial does not rest on that regulation, but instead rests on his finding that Torabpour was not a full-time student.

he has, in the interim, continued his schooling in good faith as a full-time student, the director will evaluate all equitable circumstances in once again passing on a discretionary extension of stay. Nevertheless, we may not substitute our beliefs for the judgment of Congress and the I&NS on how immigration matters should be handled. Because Torabpour failed to satisfy the conditions attendant upon his admission to this country, we must uphold the order of deportation. However, to provide sufficient time for Torabpour to reapply for a discretionary stay before the district director, we stay the issuance of our mandate for 60 days.

The petition for review is dismissed.