**Ramin BOLOURCHIAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

**No. 83–7158.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 1984.

Decided Oct. 29, 1984.

Polly A. Webber, San Jose, Cal., for petitioner.

Marshall Tamor Golding, Washington, D.C., for respondent.

Before HUG, TANG and FARRIS, Circuit Judges.

PER CURIAM:

Ramin Bolourchian, an Iranian student, petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) order of deportation. He contends that the INS should be equitably estopped from deporting him because INS conduct led him to

---

believe he was not in violation of his nonimmigrant status. The INS argues that this court does not have jurisdiction over Bolourchian's claim under 8 U.S.C. § 1105a(a).

■ This court does have section 1105a(a) jurisdiction to review the decision. *Cf. Ghorbani v. INS,* 686 F.2d 784 (9th Cir.1982). Bolourchian does not request review of the discretionary decisions of the District Director of INS, but rather the decision of the BIA that government misconduct does not estop the deportation. This is thus an appropriate review of a deportation order.

■ The BIA correctly denied Bolourchian's equitable estoppel claim on the merits. Estoppel may be invoked only if the governmental conduct constitutes "affirmative misconduct." *INS v. Hibi,* 414 U.S. 5, 8, 94 S.Ct. 19, 21, 38 L.Ed.2d 7 (1973) (per curiam); *Santiago v. INS,* 526 F.2d 488, 491–92 (9th Cir.1975) (en banc), *cert. denied,* 425 U.S. 971, 96 S.Ct. 2167, 48 L.Ed.2d 794 (1976). Bolourchian failed to establish that the actions of the INS officials constitute affirmative misconduct.

We suggest, however, that Bolourchian apply to the District Director for a retroactive extension of stay. Although we have no jurisdiction to compel the District Director to grant the extension, we believe that Bolourchian's good faith efforts to comply with the applicable regulations and his continued full-time attendance in school produce equities which may tip the Director's exercise of discretion in his favor. To provide sufficient time for Bolourchian to reapply for discretionary relief, we stay this court's mandate for 60 days. *Benitez-Mendez v. INS,* 748 F.2d 539 (9th Cir.1984), *Torabpour v. INS,* 694 F.2d 1119, 1122–23 (8th Cir.1982).

The Petition for Review is DENIED.