990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leszek JEZIORSKI, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70512.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 1, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leszek Jeziorski, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") decision finding Jeziorski deportable and denying Jeziorski's requests for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We deny the petition for review.
 
 
 3
 We review the BIA's denial of asylum for abuse of discretion. Acewicz v. INS, No. 91-70257, slip op. 969, 978 (9th Cir. Feb. 4, 1993). We review the BIA's factual findings under the substantial evidence test. Id. We review de novo the BIA's determinations on questions of law. Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988).
 
 
 4
 * Estoppel
 
 
 5
 Jeziorski contends the government should be estopped from denying his request for asylum. This contention lacks merit.
 
 
 6
 The doctrine of equitable estoppel may be applied against government agencies, including in cases involving deportation of aliens. See, e.g., Jaa v. INS, 779 F.2d 569, 571-73 (9th Cir.1986); Tejeda v. INS, 346 F.2d 389, 393 (9th Cir.1965). In addition to showing the presence of the traditional elements of estoppel, a party asserting estoppel against the government must show (1) "affirmative misconduct" on the government's part, and (2) that the misconduct threatens to work a serious injustice and that imposition of estoppel will not unduly damage the public's interest. Jaa, 779 F.2d at 572.[1]
 
 
 7
 The BIA declined to consider the merits of Jeziorski's estoppel claim on the ground it lacked jurisdiction to do so. Nevertheless, our jurisdiction to entertain Jeziorski's claim is clear, see Bolourchian v. INS, 751 F.2d 979, 980 (9th Cir.1984) (per curiam), and we may address the merits of this claim despite the BIA's failure to make findings of fact on the issue, see Hetzer v. INS, 420 F.2d 357, 360 (9th Cir.1970); Tejeda, 346 F.2d at 392-93. Although the record is sketchy regarding what transpired between Jeziorski and the consular official with whom he allegedly spoke in Uruguay, it was Jeziorski's burden to show "affirmative misconduct" on the part of the consular official. See Jaa, 779 F.2d at 572. Jeziorski had ample opportunity to describe the official's actions but the only evidence in the record is Jeziorski's testimony that the official had not seen a case like his before and that the official thought it would be too much trouble to send Jeziorski to the United States. Because Jeziorski had an opportunity to show "affirmative misconduct" but failed to do so, application of equitable estoppel in this case is not warranted. See id. Furthermore, any error on the part of the BIA in failing to address this claim is harmless. See Tejeda, 346 F.2d at 392-93.
 
 II
 Asylum/Withholding of Deportation
 
 8
 Section 208(a) of the Refugee Act of 1980 ("Act"), 8 U.S.C. § 1158(a), authorizes the Attorney General, in her discretion, to grant asylum to an alien who is a "refugee." A refugee is defined in the Act as an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).
 
 
 9
 To establish eligibility for asylum based on a well-founded fear of persecution, an applicant must demonstrate a fear that is both subjectively genuine and objectively reasonable. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component requires "a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam) (quotations and emphasis omitted).
 
 
 10
 An alien is entitled to withholding of deportation pursuant to 8 U.S.C. § 1253(h) if he or she establishes a "clear probability of persecution." INS v. Stevic, 467 U.S. 407, 413 (1984); Blanco-Lopez v. INS, 858 F.2d 531, 533 (9th Cir.1988). The "clear probability" standard applicable to withholding of deportation claims is more stringent than the "well-founded fear" standard applicable to asylum claims. De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990). Accordingly, an alien who fails to meet the "well-founded fear" standard required for asylum also fails to meet the "clear probability" standard required for withholding of deportation. Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 
 11
 In assessing the reasonableness of the alien's fear of persecution, the BIA may take administrative notice of changed political conditions within the applicant's native country and of the effect of those changes on the applicant's fear of persecution. Acewicz, No. 92-70257, slip op. at 977.[2]
 
 
 12
 Jeziorski's request for asylum is based on his fear that, as a member of "Fighting Solidarity", he will be persecuted if he returns to Poland, regardless of whether former Solidarity leader Lech Walesa's faction of Solidarity is now in power. Nevertheless, substantial evidence supports the BIA's determination that Jeziorski has failed to demonstrate a well-founded fear of persecution based on his membership in Fighting Solidarity.[3] See id. at 974-78. Furthermore, the record shows that Jeziorski had an opportunity to rebut the facts noticed by the BIA. See Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992). Thus, Jeziorski was not denied due process, see Acewicz, No. 91-70257, slip op. at 978, and the BIA did not abuse its discretion by taking administrative notice of the changed conditions in Poland and of the effect of the changes on Jeziorski's fear of persecution, see id. We therefore agree with the BIA that Jeziorski has failed to establish statutory eligibility for asylum.
 
 
 13
 Moreover, because Jeziorski has failed to demonstrate a well-founded fear of persecution, he has therefore also failed to meet the higher standard of clear probability of persecution. See Berroteran-Melendez, 955 F.2d at 1258. Accordingly, the BIA did not err by denying Jeziorski's request for withholding of deportation.
 
 III
 Consideration of Individual Merits of Case
 
 14
 Jeziorski contends the BIA erred by failing to find that his application for asylum and withholding of deportation was denied based on a "blanket" policy of denying all Polish applications filed after September 11, 1989 due to changed political conditions in Poland.[4] This contention lacks merit.
 
 
 15
 Jeziorski was given a hearing in which he was afforded a full and fair opportunity to present testimony and other evidence in support of his asylum application. See Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990); Sagermark v. INS, 767 F.2d 645, 650-51 (9th Cir.1985), cert. denied, 476 U.S. 1171 (1986). Both the IJ's and the BIA's decisions reflect that the denial of Jeziorski's application was based on the individual merits of his claim. See, e.g., Acewicz, No. 91-70257, slip op. at 978 (court found that evidence of changed conditions in Poland "was not blindly applied [by the BIA] to automatically deny every asylum application submitted by a Polish alien" and that "[e]ach applicant received a full opportunity to present his case" (quotations omitted)).
 
 
 16
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The traditional test for estoppel has four parts:
 (1) The party to be estopped must know the facts;
 (2) He must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended;
 (3) The latter must be ignorant of the facts; and
 (4) He must rely on the former's conduct to his injury.
 Jaa, 779 F.2d at 571.
 
 
 [2]
 In light of our decision in Acewicz, we reject Jeziorski's contention that the IJ and BIA erred by relying on Kubon v. INS, 913 F.2d 386 (7th Cir.1991) and Kaczmarczyk v. INS, 933 F.2d 588 (7th Cir.), cert. denied, 112 S.Ct. 583 (1991)
 
 
 [3]
 Thus, we reject Jeziorski's contention that the IJ and BIA misinterpreted and ignored evidence presented at the deportation hearing
 
 
 [4]
 To the extent Jeziorski also seeks review of the denial of his asylum application by the INS District Director, we lack jurisdiction to review the discretionary decisions of the INS District Director. See Abedi-Tajrishi v. INS, 752 F.2d 441, 443 (9th Cir.1985)