_____

No. 95-2251
_____

Sabino Zuniga-Lopez,               *
                                   *
          Petitioner,              *
                                   *   Petition for Review of
     v.                            *   an Order of the Immigration
                                   *   and Naturalization Service.
Immigration and Naturalization     *
Service,                           *        **[UNPUBLISHED]**
                                   *
          Respondent.              *

_____

          Submitted:  February 6, 1996

             Filed:  February 9, 1996
_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.
_____


PER CURIAM.


     Sabino Zuniga-Lopez filed this petition for review of a Board
of Immigration Appeals (BIA) deportation order.  We deny the
petition.


     Zuniga-Lopez, a Mexican citizen, obtained legal permanent
resident status in the United States in September 1990.  In
November 1993, the Immigration and Naturalization Service issued
Zuniga-Lopez an order to show cause why he should not be deported
pursuant to Section 241(a)(2)(C) of the Immigration and Nationality
Act (INA), 8 U.S.C. § 1251 (a)(2)(C) (concerning firearms
convictions), on the basis of his state conviction for carrying
weapons.  An immigration judge ordered Zuniga-Lopez deported,

concluding that he was deportable because he was convicted of a crime which constituted a firearms offense. The BIA rejected Zuniga-Lopez's appeal from the deportation order.

We review for abuse of discretion BIA denials of claims for relief from deportation. Immigration and Naturalization Serv. v. Doherty, 502 U.S. 314, 323-24 (1992). The BIA did not abuse its discretion in concluding that Zuniga-Lopez's conviction record provided clear, unequivocal, and convincing evidence of his deportability for a firearms offense under section 241(a)(2)(C). See 8 U.S.C. § 1251(a)(2)(C); Torabpour v. INS, 694 F.2d 1119, 1122 (8th Cir. 1982) (BIA findings of fact conclusive if supported by reasonable, substantial, and probative evidence).

The BIA also did not abuse its discretion in determining that Zuniga-Lopez did not qualify for suspension of deportation under section 244(a)(2) of the INA, because he failed to meet the statutory requirement of ten years post-offense physical presence, having pleaded guilty to committing the firearms offense in May 1993. See 8 U.S.C. § 1254(a)(2). Nor did the BIA abuse its discretion in refusing Zuniga-Lopez an adjustment of status pursuant to section 245(a) of the INA, because he produced no evidence of the required adjustment application. See 8 U.S.C. § 1255(a)(1); Perwolf v. INS, 741 F.2d 1109, 1111 (8th Cir. 1984). We will not consider new evidence, as our consideration of a petition for review is limited to the administrative record and findings of fact. See White v. INS, 6 F.3d 1312, 1315 (8th Cir. 1993), cert. denied, 114 S. Ct. 2162 (1994).

Finally, we see no abuse of discretion in the BIA's denial of a section 212(c) waiver, because Zuniga-Lopez failed to establish the seven years of lawful domicile required by the INA, having not shown (or asserted) that he had lawful status before he became a permanent resident in 1990. See 8 U.S.C. § 1182(c); Raya-Ledesma v. INS, 55 F. 3d 418, 419-20 (9th Cir. 1994) (plaintiff not

-2-

eligible for § 212(c) waiver of deportation because not lawful permanent resident for seven years).

Accordingly, Zuniga-Lopez's petition for review is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.