76 F.3d 383
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Sabino ZUNIGA-LOPEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-2251.
United States Court of Appeals, Eighth Circuit.
 Submitted: February 6, 1996.
Filed: February 9, 1996.
 
 Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Sabino Zuniga-Lopez filed this petition for review of a Board of Immigration Appeals (BIA) deportation order. We deny the petition.
 
 
 2
 Zuniga-Lopez, a Mexican citizen, obtained legal permanent resident status in the United States in September 1990. In November 1993, the Immigration and Naturalization Service issued Zuniga-Lopez an order to show cause why he should not be deported pursuant to Section 241(a)(2)(C) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1251(a)(2)(C) (concerning firearms convictions), on the basis of his state conviction for carrying weapons. An immigration judge ordered Zuniga-Lopez deported, concluding that he was deportable because he was convicted of a crime which constituted a firearms offense. The BIA rejected Zuniga-Lopez's appeal from the deportation order.
 
 
 3
 We review for abuse of discretion BIA denials of claims for relief from deportation. Immigration and Naturalization Serv. v. Doherty, 502 U.S. 314, 323-24 (1992). The BIA did not abuse its discretion in concluding that Zuniga-Lopez's conviction record provided clear, unequivocal, and convincing evidence of his deportability for a firearms offense under section 241(a)(2)(C). See 8 U.S.C. § 1251(a)(2)(C); Torabpour v. INS, 694 F.2d 1119, 1122 (8th Cir.1982) (BIA findings of fact conclusive if supported by reasonable, substantial, and probative evidence).
 
 
 4
 The BIA also did not abuse its discretion in determining that Zuniga-Lopez did not qualify for suspension of deportation under section 244(a)(2) of the INA, because he failed to meet the statutory requirement of ten years post-offense physical presence, having pleaded guilty to committing the firearms offense in May 1993. See 8 U.S.C. § 1254(a)(2). Nor did the BIA abuse its discretion in refusing Zuniga-Lopez an adjustment of status pursuant to section 245(a) of the INA, because he produced no evidence of the required adjustment application. See 8 U.S.C. § 1255(a)(1); Perwolf v. INS, 741 F.2d 1109, 1111 (8th Cir.1984). We will not consider new evidence, as our consideration of a petition for review is limited to the administrative record and findings of fact. See White v. INS, 6 F.3d 1312, 1315 (8th Cir.1993), cert. denied, 114 S.Ct. 2162 (1994).
 
 
 5
 Finally, we see no abuse of discretion in the BIA's denial of a section 212(c) waiver, because Zuniga-Lopez failed to establish the seven years of lawful domicile required by the INA, having not shown (or asserted) that he had lawful status before he became a permanent resident in 1990. See 8 U.S.C. § 1182(c); Raya-Ledesma v. INS, 55 F.3d 418, 419-20 (9th Cir.1994) (plaintiff not eligible for § 212(c) waiver of deportation because not lawful permanent resident for seven years).
 
 
 6
 Accordingly, Zuniga-Lopez's petition for review is denied.