Marcio DE SOUSA, Plaintiff,

v.

Charles DEMORE, et al., Defendants.

No. C00–4715 BZ.

United States District Court,
N.D. California.

Oct. 31, 2001.

Janet Gawthrop, Maldonado & Associates, Oakland, CA, Monica Fernandez, AUSA Office of the U.S. Attorney, San Francisco, CA.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ZIMMERMAN, United States Magistrate Judge.

Plaintiff seeks a declaratory judgment that the District Director ("Director") abused his discretion when he denied plaintiff's request for reinstatement of his F–1 non-immigrant student status. This court has jurisdiction pursuant to the Ad-

ministrative Procedures Act. *See* 5 U.S.C. § 702; *Ghorbani v. I.N.S.*, 686 F.2d 784, 791 n. 16 (9th Cir.1982).[1] Both plaintiff and defendants now move for summary judgment under Federal Rule of Civil Procedure 56(c). Because there are no genuine issues of material fact, the parties are entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Plaintiff entered the United States as an F–1 non-immigrant student in 1994 and enrolled as a full time student at Chabot College beginning in the fall of 1996. On June 2, 1999, plaintiff married and his spouse petitioned for adjustment of his status to a lawful permanent resident. Pursuant to the pending application for adjustment of his status, plaintiff received employment authorization. Plaintiff continued to attend Chabot College but did not enroll as a full time student for the Fall 1999 and Spring 2000 semesters. During the spring of 2000, plaintiff separated from his wife, and she eventually withdrew her visa petition. As a result, defendants denied plaintiff's adjustment of status application on July 31, 2000, giving plaintiff 18 days to respond. On August 14, 2000, plaintiff responded by requesting defendants to reinstate his F–1 non-immigrant student status. On November 20, 2000, defendants denied plaintiff's request. Plaintiff now challenges the merits of the Director's decision to deny his reinstatement.

██ "The grant or denial of reinstatement ... is within the discretion of the Attorney General and his delegate, the District Director." *Shamsian v. Ilchert*, 534 F.Supp. 178, 182 (N.D.Cal.1982). The district court reviews the Director's deci-

1. The parties have consented to the jurisdiction of a United States Magistrate Judge for

all proceedings including entry of final judgment pursuant to 28 U.S.C. § 636(c).

sion for an abuse of discretion. *See Tooloee v. I.N.S.*, 722 F.2d 1434, 1437–38 (9th Cir.1983). "The District Director's decision must stand unless it so departs from an established pattern of treatment of others similarly situated without reason, as to be arbitrary and capricious, and an abuse of discretion." *Shamsian*, 534 F.Supp. at 182 (citing *Nicholas v. I.N.S.*, 590 F.2d 802, 808 (9th Cir.1979)).

 The Director's denial states that plaintiff was denied reinstatement because he failed to maintain a full course of study and refers plaintiff to his school transcript. (Defs.' Cross–Mot. for Summ.J., Ex. B).[2] Plaintiff contends that he was in substantial compliance with student regulations, and therefore was entitled to reinstatement or, at the very least, a right of adjudication and review of his application. Specifically, plaintiff argues that because he was in compliance with the employment authorization issued to him while he was a conditional permanent resident based upon his marriage, he did not have to maintain his status as a full time student. Substantial compliance with the requirements for immigrant status as a conditional permanent resident, even if true, cannot excuse plaintiff's failure to maintain a full course of study pursuant to his student status. The intent for status as a conditional permanent resident and as a non-immigrant student are mutually exclusive; the former encompasses a desire to permanently remain in the United States while the latter does not. Moreover, the two sets of requirements are separate and independent. *Compare* 8 C.F.R. § 245 *with* 8 C.F.R. § 214.2(f). Compliance with the requirements for being a conditional permanent resident does not constitute substantial compliance with the requirements for be-

ing a non-immigrant student. *See, e.g., Ghajar v. I.N.S.*, 652 F.2d 1347, 1348 (9th Cir.1981) (holding that substantial compliance with the requirements for maintaining non-immigrant student status under 8 C.F.R. § 214.2(f) does not constitute substantial compliance with the requirements for obtaining an extension of stay under 8 C.F.R. § 214.1(c)). Here, plaintiff violated specific regulations governing non-immigrant students by allowing his course load to fall beneath the necessary twelve credits. *See* 8 C.F.R. §§ 214.2(f)(5)(I); (f)(6)(I)(B). That plaintiff may have been complying with requirements applicable to conditional permanent residents does not excuse his failure to comply with regulations governing non-immigrant students.

Plaintiff also claims that the Director abused his discretion by failing to fully consider his application for reinstatement of his student status. As proof, plaintiff points to an alleged absence of records in the file upon which the Director could have based his denial, which plaintiff claims violated Immigration and Naturalization Service ("INS") regulation 8 C.F.R. § 214.2(f)(1)(ii). This regulation, however, governs the manner in which the INS services student admissions rather than the manner in which the INS keeps students' records. Indeed, there appears to be no regulation that specifically address the record-keeping burden that the INS may possess with respect to non-immigrant student records. I find that the Director had to have reviewed the transcript before making his determination which on its face refers to the transcript. That the transcript was not produced in response to plaintiff's FOIA request does not undermine this finding.

---

**2.** It is harmless error that the Order inaccurately states the time period within which plaintiff failed to pursue a full course of study. It is undisputed that for two semesters within the time period listed on the Order, plaintiff's course load fell beneath the required twelve credits.

Lastly, plaintiff argues that the INS should be estopped from taking adverse action against a non-immigrant student because he relied to his detriment on INS representations. "Estoppel may be invoked only if the governmental conduct constitutes 'affirmative misconduct.'" *Bolourchian v. I.N.S.*, 751 F.2d 979, 980 (9th Cir.1984) (quoting *I.N.S. v. Hibi*, 414 U.S. 5, 8, 94 S.Ct. 19, 38 L.Ed.2d 7 (1973) (per curiam)). Plaintiff has failed to identify any representations that may be held to constitute affirmative misconduct.

Although a student who fails to maintain his student status may obtain reinstatement under 8 C.F.R. § 214.2(f)(16)(I), the decision is left to the discretion of the Director. I find that the Director did not abuse his discretion in denying plaintiff's reinstatement due to plaintiff's failure to maintain twelve credits during the Fall 1999 and Spring 2000 semesters. Plaintiff's "[a]fter the fact justification does not excuse his failure to comply with INS prior approval regulations, of which he had clear notice." *Ghorbani*, 686 F.2d at 786.

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment is **DENIED** and defendants' cross-motion for summary judgment is **GRANTED.**