**Eleuterio VALADEZ–SALAS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

**No. 83–1278.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 14, 1983.

Decided Nov. 18, 1983.

Rehearing Denied Feb. 16, 1984.

Roman De La Campa, Sioux City, Iowa, for petitioner.

J. Paul McGrath, Asst. Atty. Gen., Civil Div., Thomas W. Hussey, Atty., Office of Immigration Litigation, Civil Div., U.S. Dept. of Justice, Washington, D.C., for respondent.

Before HEANEY and McMILLIAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

Eleuterio Valadez-Salas entered the United States from Mexico without proper documentation or inspection in April of 1976. From September 15, 1978, through March 9, 1980, he remained in this country on a fifth preference visa, filed by his United States citizen sister, and on three extensions of his privilege of voluntary departure. The Immigration and Naturalization Service (INS) denied any further extensions of his privilege for voluntary departure on March 19, 1980, and directed that he leave the country on or before April 19, 1980. He failed to depart, and on October 1, 1980, the INS issued an order to show cause why he should not be deported. He appeared with counsel before an immigration judge at

hearings on October 21 and November 18, 1980. The immigration judge found Valadez-Salas subject to deportation under 8 U.S.C. § 1251(a)(2) (1982), but granted him an opportunity to depart voluntarily on or before January 5, 1981. Valadez-Salas appealed this decision to the Board of Immigration Appeals (Board) on November 27, 1980. After remanding for a written decision by the immigration judge and a transcript of the hearings, the Board dismissed the appeal on January 31, 1983. Valadez-Salas petitions for review of this order. We affirm.

The Board was faced with two simple issues below: (1) whether Valadez-Salas was deportable under the terms of 8 U.S.C. § 1251(a)(2) (1982); and (2) whether he should be granted leave to depart voluntarily in lieu of deportation under 8 U.S.C. § 1254(e) (1982). The Board upheld the immigration law judge's finding that Valadez-Salas was deportable and his finding that Valadez-Salas should be granted leave to depart voluntarily. Valadez-Salas petitions for review of only the first finding.

■ We agree that Valadez-Salas was deportable under federal statute by virtue of his testimony at the deportation hearings in 1980. We cannot accept his contention on this petition that the testimony should not have been considered because the immigration judge failed to inform him of his fifth amendment right to remain silent, as is required in criminal custodial interrogations under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). At least in the case in which an immigrant is represented by counsel throughout deportation proceedings, as was Valadez-Salas, *Miranda* warnings need not be given before questioning the immigrant at a deportation hearing. *See Chavez-Raya v. INS,* 519 F.2d 397, 400–402 (7th Cir.1975). Furthermore, we find no merit to Valadez-Salas' claim that his deportation will unconstitutionally result in the de facto deportation of his two United States citizen children. *See Perdido v. INS,* 420 F.2d 1179, 1181 (5th Cir.1969); *Mendez v. Major,* 340 F.2d 128, 131–132 (8th Cir.1965).

■ Valadez-Salas finally contends that the Board erred in denying him relief from deportation under 8 U.S.C. § 1254(a)(1) (1982). He failed to raise a claim for such relief before the immigration judge or the Board, however, so there has been no exercise of the Attorney General's discretion under that section for us to review. *See Tejeda-Mata v. INS,* 626 F.2d 721, 726 (9th Cir.1980), *cert. denied,* 456 U.S. 994, 102 S.Ct. 2280, 73 L.Ed.2d 1291 (1982). In this regard, we agree with the following statement found at page 25 of the brief for the INS:

> Petitioner has had (but has failed to exercise) and continues to have a means whereby he can address his claims [under section 1254(a)(1)] to the appropriate tribunal. If, in fact, he now has been in the United States continuously for at least seven years, petitioner may, for example, move to reopen the deportation proceedings for an opportunity to establish this "new fact," as well as properly to discharge his burden of proving facts which satisfy the other statutory prerequisites to consideration for discretionary relief. 8 C.F.R. § 242.22 (1982). Petitioner also may seek to preserve the status quo pending disposition of this motion by requesting from the appropriate administrative authorities extension of the previously granted privilege of voluntary departure or a stay of deportation. 8 C.F.R. §§ 243.4 and 244.1 (1982).

Valadez-Salas must pursue these avenues of administrative relief prior to seeking review of his section 1254(a)(1) claim before this Court.

For these reasons, we dismiss the petition for review without prejudice to Valadez-Salas' rights to request a reopening of his deportation proceedings for consideration of his section 1254(a)(1) claim by the INS, or to seek any other relief available to him under the law. *See Rios-Pineda v. United States Department of Justice,* 720 F.2d 529 at 532 & 533 n. 3 (8th Cir.1983); *Rios-Pineda v. United States Department of Justice,* 673 F.2d 225, 228 & nn. 4, 5 (8th Cir.1982).

To provide sufficient time for Valadez-Salas to exercise his legal rights to raise his unexhausted claims before the agency, we stay the issuance of our mandate for sixty days. *See Torabpour v. INS,* 694 F.2d 1119, 1123 (8th Cir.1982).