**Bogdan WOJCIK, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICES,
Respondent.**

**No. 91–1920.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 15, 1991.

Decided Dec. 17, 1991.

Herbert A. Igbanugo, Minneapolis, Minn., for petitioner.

Karen Fletcher Torstenson, Washington, D.C. (Stuart M. Gerson and Robert Kendall, Jr., on brief), for respondent.

Before BEAM and LOKEN, Circuit Judges, and HEANEY, Senior Circuit Judge.

PER CURIAM.

Bogdan Wojcik petitions for review of an Immigration and Naturalization Service (INS) order denying his request for asylum under Section 208 of the Immigration and Nationality Act, 8 U.S.C. § 1158. We affirm.

Wojcik, born in Szczecin, Poland, was an active member of the Solidarity union between 1980 and 1987. He arrived in the United States in July 1987 as a crew member of a Polish vessel, left his ship, and stayed beyond the time authorized by the INS. The INS issued an order for Wojcik to show cause why he should not be deported. In response, Wojcik conceded he was deportable and requested asylum.

At his initial hearing, Wojcik testified about his Solidarity participation, and his fear that, if he returned to Poland, he would be imprisoned for abandoning ship and for engaging in political activities. He introduced a February 1988 advisory opinion from the Department of State's Bureau of Human Rights and Humanitarian Affairs, stating that assuming the facts in his application were true, Wojcik had a well-founded fear of persecution in Poland. He also introduced a December 12, 1987 letter from his sister in Poland, indicating that the secret police had searched family members' homes looking for Wojcik's belongings, that they found Solidarity publications, and that he would receive a long prison sentence if he returned.

In May 1988, the immigration judge denied Wojcik's request for asylum and withholding of deportation, finding that Wojcik had not been punished in the past for his Solidarity activities, that he did not present sufficient evidence to support a current fear of persecution, and that any anticipat-

 

ed punishment for jumping ship did not provide a legal basis for granting asylum.

Wojcik appealed the decision to the Board of Immigration Appeals (BIA), arguing he had a well-founded fear of persecution which was corroborated by his sister's letter. The BIA, relying on newspaper articles, took administrative notice that "effective September 10, 1989, the Solidarity organization formally entered into the coalition government which is presently governing Poland"; that in December 1990, Lech Walesa was elected and sworn in as president of Poland; and that electoral reforms were projected. The BIA found that Wojcik no longer had a well-founded fear of persecution by the Polish government, and affirmed the decision denying Wojcik asylum.

Under the Immigration and Nationality Act, the Attorney General has the discretion to grant asylum to "refugees," 8 U.S.C. § 1158(a). A refugee is a person who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. § 1101(a)(42)(A). The well-founded fear standard has both a subjective and an objective component:

> The subjective component requires that the [alien's] fear be genuine, while the objective component "requires a showing by credible, direct and specific evidence ... of facts that would support a *reasonable* fear that the petitioner faces persecution."

*Rodriguez–Rivera v. INS*, 848 F.2d 998, 1002 (9th Cir.1988) (emphasis in original). In this case, both the immigration judge and the BIA concluded that Wojcik had not established that he is a refugee, and therefore his request was denied without reaching the question whether the discretion to grant asylum should be exercised. In reaching its conclusion, the BIA expressly relied upon the recent, dramatic political changes in Poland, changes that have seen the Solidarity union, a renegade and at times illegal political organization when Wojcik first participated, rise to a legit-

imate and even leadership role in the Polish government.

The BIA's use of administrative notice of the changed political conditions in Poland has been approved by two circuits. *See Kapcia v. INS*, 944 F.2d 702, at 707 (10th Cir.1991); *Kaczmarczyk v. INS*, 933 F.2d 588, 593–95 (7th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 583, 116 L.Ed.2d 608 (1991). We agree with those decisions. In addition, We have carefully reviewed the entire record, and conclude there is substantial evidence to support the BIA's finding that Wojcik no longer has a well-founded fear of persecution by the Polish government on account of his Solidarity activities. *See Kubon v. INS*, 913 F.2d 386, 388 (7th Cir.1990).

Accordingly, we affirm.