4 F.3d 985
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sayd MUSTAFA, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-2247.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 19, 1993.
Decided: September 7, 1993.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (A23-242-268)
 Richard S. Bromberg, Washington, D.C., for Petitioner.
 Stuart M. Gerson, Assistant Attorney General, Robert Kendall, Jr., Assistant Director, Philemina McNeill Jones, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.
 I.N.S.
 AFFIRMED.
 Before MURNAGHAN, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Sayd Mustafa appeals from a decision of the Board of Immigration Appeals ("BIA"), affirming the decision of the Immigration Judge ("IJ") ordering deportation and denying Mustafa's applications for asylum and withholding of deportation. Finding no error in the BIA's decision, we affirm.
 
 
 2
 Mustafa, a thirty-five year old native and citizen of Afghanistan, was charged with having entered the United States without inspection. 8 U.S.C.A. Sec. 1251(a)(2) (West Supp. 1992). He conceded deportability, and applied for asylum and withholding of deportation based on his anti-Communist activities in support of the Mujahidin freedom fighters in Afghanistan. The IJ denied Mustafa's applications for asylum and withholding of deportation, finding that Mustafa lacked a well-founded fear of persecution and was not threatened in his home country due to his political opinions. See 8 U.S.C.A. Secs. 1158(a), 1253(h) (West 1970 & Supp. 1992). The BIA subsequently accepted the IJ's order and dismissed Mustafa's appeal.
 
 
 3
 On appeal, we review only the findings and orders of the BIA, and will reverse a BIA decision "only if the evidence presented by the petitioner 'was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.' " Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992) (quoting INS v. Elias-Zacarias, 60 U.S.L.W. 4130, 4132 (U.S. 1992)). The evidence presented in this case simply does not warrant reversal.
 
 
 4
 Mustafa first argues that the BIA and the IJ erred in failing to recognize that he was the victim of past persecution. Our review of the record shows that Mustafa failed to raise this argument before the BIA. A petitioner's failure to exhaust available administrative remedies, by not arguing before the BIA contentions raised before the IJ, deprives this Court of jurisdiction to consider those contentions in reviewing the deportation order. Farrokhi v. U.S. INS, 900 F.2d 697, 700-01 (4th Cir. 1990); 8 U.S.C.A. Sec. 1105a(c) (West 1970 & Supp. 1992). Hence, we must decline to review Mustafa's first argument.
 
 
 5
 Mustafa next contends that the IJ committed reversible error by assuming, prior to the enactment of the Immigration Act of 1990, that Mustafa would receive the benefit of the temporary protective status available thereunder. The fact that this Court's review is limited to the BIA's findings and orders renders any error by the IJ harmless, so long as the BIA's determinations are correct. See, e.g., Adebisi v. INS, 952 F.2d 910, 912 (5th Cir. 1992); Elnager v. U.S. INS, 930 F.2d 784, 787 (9th Cir. 1991). It is apparent, after our consideration of the entire text of the IJ's decision, that the IJ merely discussed the then-pending Immigration Act to support her ruling that Mustafa's applications could not be granted under the current statutory scheme. We find that the BIA's assessment of the IJ's decision was correct and supported by substantial evidence. Mustafa's second contention is therefore without merit.
 
 
 6
 Finally, Mustafa contests the BIA's use of administrative notice on the issue of the changed political conditions in Afghanistan. The BIA may take administrative or official notice of generally known facts or "technical or scientific facts that are within the agency's area of expertise." McLeod v. Immigration & Naturalization Serv., 802 F.2d 89, 93 n.4 (3d Cir. 1986) (citing NLRB v. Seven-Up Bottling Co., 344 U.S. 344 (1953)). Changed political circumstances in an applicant's home country may, in the BIA's discretion, Rivera-Cruz v. INS, 948 F.2d 962, 966 (5th Cir. 1991), be administratively noted. RhoaZamora v. INS, 971 F.2d 26 (7th Cir. 1992), petition for cert. filed, 61 U.S.L.W. 3546 (U.S. Feb. 2, 1993) (No. 92-1299); Wojcik v. INS, 951 F.2d 172, 173 (8th Cir. 1991); Rivera-Cruz, 948 F.2d at 966-67; Janusiak v. U.S. INS, 947 F.2d 46, 48 n.1 (3d Cir. 1991); Kapcia v. INS, 944 F.2d 702, 705 (10th Cir. 1991). The BIA may also draw reasonable inferences from the evidence which "comport with common sense." Kapcia, 944 F.2d at 705; Kaczmarczyk v. INS, 933 F.2d 588, 594 (7th Cir.), cert. denied, 60 U.S.L.W. 3403 (U.S. 1991). We find that the facts administratively noted by the BIA in this case are generally known to be accurate and not subject to reasonable dispute, and that the BIA did not abuse its discretion by taking administrative notice thereof.
 
 
 7
 For the reasons stated herein, we affirm the BIA's order of deportation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED