Oscar Abelardo LOPEZ–ZERON;
Maria Virginia Sarmiento de
Lopez, Petitioners,

v.

U.S. DEPARTMENT OF JUSTICE; IM-
MIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 93–1627.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 26, 1993.

Decided Nov. 2, 1993.

Petitioners proceeded pro se.

Ellen Sue Shapiro, Mark C. Walters and Alison R. Drucker, U.S. Dept. of Justice, Washington, DC, for respondent.

Before McMILLIAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Oscar Abelardo Lopez–Zeron (Lopez) and his wife, Maria Virginia Sarmiento de Lopez (Sarmiento), both citizens of Honduras, petition for review of a final decision of the Immigration and Naturalization Service (INS) denying their requests for asylum and for withholding of deportation under Sections 208 and 243(h) of the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1158(a), 1253(h) (1988). For the reasons discussed below, we deny the petition for review.

On October 10, 1988, Lopez and Sarmiento entered the United States without inspection through Brownsville, Texas. On August 2, 1989, the INS initiated deportation proceedings. At the deportation hearing, they conceded deportability and requested asylum and withholding of deportation.

In Lopez's asylum application, he stated that he could not return to Honduras in that the contras living along the Honduran/Nicaraguan border would kill him because he served in the military; he indicated he would return when "there is a change in the country's situation"; and he believed he would be persecuted in Honduras because police suspected him of being a member of a Communist organization. Sarmiento stated in her application that she could not return because the guerrillas make life unbearable for those who do not support them and she could possibly be killed should she return; she stated she was never interested in any organizations, but she refused to support the guerrilla movement; and she was detained on June 12, 1987, and subsequently harassed, because authorities suspected her sister was engaged in subversive activities. Sarmiento attached to her application notarized statements from two attorneys stating that Sarmiento was illegally detained by police in June 1987.

After a joint hearing on their requests for asylum, the immigration judge (IJ) found that, based on Lopez's and Sarmiento's admissions, the evidence of deportability was clear, convincing and unequivocal. As to their requests for asylum, the IJ found Lopez had not shown he had been persecuted; his last visit to Nicaragua was in 1986, and he lived in San Pedro Sula, far from the Nicaraguan border. The IJ took judicial notice that the contras have been demobilized after the recent election in Nicaragua. The IJ found Sarmiento's testimony regarding her detention to be credible, but found that her account did not establish that she had been persecuted in Honduras because the events occurred in 1987, she was not arrested or incarcerated, the harassment did not amount to persecution, and she did not show that her deportation to Honduras would cause her to be singled out for persecution. The IJ also concluded Lopez and Sarmiento were not eligible for withholding of deportation because they had not established a clear probability of persecution. He granted a period of voluntary departure.

Lopez and Sarmiento appealed the decision to the Board of Immigration Appeals (Board), stating that they left Honduras because they feared the military activity there. They contended that their lack of affiliation in the conflict constituted "political opinion," and that they belonged to a class of neutral parties in the war which constituted a "particular social group," entitling them to refugee status under 8 U.S.C. § 1158(a). They argued that their choice to remain neutral constituted a political choice, and that the evidence they presented showed that a reasonable person in their circumstances would fear persecution. They also argued their

testimony in support of their request for withholding of deportation under 8 U.S.C. § 1253(h) showed that it was more likely than not that their lives or freedom would be threatened because of their political opinion.

The Board concluded that the IJ correctly determined that Lopez and Sarmiento failed to establish a well-founded fear of persecution. In addition, the Board concluded that, because Lopez and Sarmiento failed to satisfy the burden required for asylum, they also failed to satisfy the higher standard of eligibility required for withholding of deportation.

In their petition for review, Lopez and Sarmiento argue they satisfied the test for establishing a well-founded fear of persecution because their fear of persecution was genuine and objectively reasonable, and they also met the test for withholding of deportation. They reiterate their arguments that their neutrality constituted political opinion, and that they belonged to a "particular social group" based on their political neutrality.

■■■ The Attorney General has discretion to grant asylum to a "refugee." 8 U.S.C. § 1158(a) (1988). A refugee is an alien who is unwilling to return home because of "a well-founded fear of persecution on account of ... membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To prove a well-founded fear of persecution, an asylum applicant must show that his or her fear is genuine (the subjective component), and that a reasonable person in the same circumstances would fear persecution if returned to the applicant's native country (the objective component). *Wojcik v. INS,* 951 F.2d 172, 173 (8th Cir. 1991) (per curiam); *Kapcia v. INS,* 944 F.2d 702, 706 (10th Cir.1991). This court must uphold the Board's finding that an alien is not a refugee if it is supported by substantial evidence. *Behzadpour v. United States,* 946 F.2d 1351, 1353 (8th Cir.1991).

■■■ Whether or not Lopez's and Sarmiento's neutrality constitutes a political opinion or makes them members of a particular social group, we agree with the government that Lopez and Sarmiento have not shown that their fear of persecution is connected to or based on their political neutrality. *See*

*Diaz–Escobar v. INS,* 782 F.2d 1488, 1494 (9th Cir.1986) (threat of persecution must exist because of neutrality); *see also M.A. v. United States INS,* 899 F.2d 304, 315 (4th Cir.1990) (en banc). Lopez and Sarmiento testified that they did not make political statements or take political positions, and that they were not involved in any organizations. They did not testify that they were targeted by the government because of their political neutrality. Although Sarmiento testified that she was accused of being a Communist, she did not show that her detention was based on her own political views; rather, the focus of the police inquiries appeared to be her sister's disappearance.

■■■ Lopez's and Sarmiento's claims amount to a fear of the general violence and unrest in Honduras, which does not provide a basis for asylum eligibility under the INA. *See M.A. v. United States INS,* 899 F.2d at 314–15. The persecution must be "on account of" one of the five impermissible reasons in § 1101(a)(42)(A), and must be directed against the individual. *Id.* Thus, we conclude there is substantial evidence to support the Board's decision that neither Lopez nor Sarmiento has established a well-founded fear of persecution within the meaning of the INA.

■■■ Lopez and Sarmiento also argue that they met the standard for withholding of deportation. Under 8 U.S.C. § 1253(h)(1), the Attorney General must withhold deportation if the "alien's life or freedom would be threatened in [that] country on account of ... membership in a particular social group, or political opinion." Under this provision, the alien must show a "clear probability" that he or she will face persecution. *Behzadpour v. United States,* 946 F.2d at 1353–54. This standard is more difficult to meet than the "well-founded fear" standard for asylum; thus, having failed to show eligibility for asylum, petitioners also fail to satisfy the eligibility requirement for withholding of deportation. *See id.* at 1354.

Accordingly, we deny the petition for review.