# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1068
_____

| | | |
|---|---|---|
| Antony Gathitu Muriithi, | * | |
| | * | |
| Appellant, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the Immigration |
| | * | and Naturalization Service. |
| Immigration and Naturalization | * | |
| Service, | * | **[UNPUBLISHED]** |
| | * | |
| Appellee. | * | |

_____

Submitted:  November 26, 2001
Filed:  December 5, 2001
_____

Before BOWMAN, BRIGHT, and LOKEN, Circuit Judges.
_____

PER CURIAM.

Antony Muriithi, a Kenyan citizen, petitions for review of a final order of the Board of Immigration Appeals (BIA) dismissing his appeal of an Immigration Judge's decision finding him removable and ineligible for asylum, withholding of removal, or relief under the legislation implementing Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (Torture Convention). Muriithi argues that the lack of counsel or access to a law library during the immigration proceedings denied him due process, his conviction for domestic battery--a ground for removal--was unconstitutional, and he

met his burden of proving that it is more likely than not he will be subjected to torture if returned to Kenya.

We cannot consider Muriithi's first argument because he did not present it to the BIA, see Valadez-Salas v. INS, 721 F.2d 251, 252 (8th Cir. 1983) (per curiam), but we note there is no Sixth Amendment right to counsel at a deportation hearing, see United States v. Torres-Sanchez, 68 F.3d 227, 230 (8th Cir. 1995).

We need not consider Muriithi's claim that his domestic-battery conviction was unconstitutional, because he is also deportable for failing to comply with the conditions of his nonimmigrant status--a finding he did not appeal.  See 8 U.S.C. § 1227(a)(1)(C)(i).  Finally, substantial evidence supports the determination that Muriithi failed to show he more likely than not would be tortured upon his return to Kenya.  See 8 C.F.R. § 208.16(c)(2); cf. INS v. Elias-Zacharias, 502 U.S. 478, 481 & n.1 (1992) (BIA's denial of relief will be upheld unless alien demonstrates that evidence not only supports contrary conclusion but compels it, such that reasonable factfinder would have to conclude alien established eligibility for relief).

Accordingly, we deny the petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.