# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1892

_____

| | | |
|---|---|---|
| Maria Rosa Paz, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Petition for Review of |
| | * | an Order of the Immigration |
| Immigration and Naturalization | * | and Naturalization Service. |
| Service; John Ashcroft, Attorney | * | [UNPUBLISHED] |
| General, | * | |
| | * | |
| Respondents. | * | |

_____

Submitted:   March 4, 2003

Filed:   March 10, 2003

_____

Before BOWMAN, WOLLMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Maria Paz petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an Immigration Judge's (IJ's) denial of her application for asylum and withholding of removal. Paz argues that the IJ erred in concluding she had not been persecuted on account of her political opinion, that State Department reports suggest conditions in Guatemala have not changed, that she showed a well-founded fear of future persecution, and that she was denied due process because the attorneys who represented her before the IJ and the BIA were

ineffective and have since been suspended and disbarred.  After careful review, we deny the petition.

We agree with the BIA that Paz did not show past persecution, a well-founded fear of future persecution, or a basis for withholding of removal, as there was no evidence that when guerrilla forces solicited food and attempted to recruit her in 1994, they did so on account of her political opinion or affiliation or any other characteristic that provides a basis for asylum.  See INS v. Elias-Zacarias, 502 U.S. 478, 482-83 (1992); Lopez-Zeron v. U.S. Dep't of Justice, INS, 8 F.3d 636, 638 (8th Cir. 1993) (per curiam).  We also conclude that, although respondent was not required to show improved country conditions because Paz did not establish past persecution, see Kratchmarov v. Heston, 172 F.3d 551, 553 (8th Cir. 1999), it did so by introducing evidence that since Paz arrived in the United States, Guatemala's civil war has ended, and the guerrillas have disbanded and renounced violence, and are participating in the political process, see Regalado-Garcia v. INS, 305 F.3d 784, 788 (8th Cir. 2002).  The evidence Paz cites of general conditions does not support her claim of a well-founded fear of persecution, because there is no indication that she would be targeted for mistreatment in the future on account of her political opinion or any other protected characteristic.  Cf. Bradvica v. INS, 128 F.3d 1009, 1013 (7th Cir. 1997) (evidence of generalized conditions of strife did not support asylum claim because it did not show applicant would be singled out for persecution).

Finally, we conclude that Paz's due process claim is not reviewable because she has not exhausted her administrative remedies.  See Valadez-Salas v. INS, 721 F.2d 251, 252 (8th Cir. 1983) (per curiam).

The petition is denied.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.