# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2916

_____

Ali Abdulla Sabhari,                    *
                                        *
            Petitioner,                 *
                                        *   Petition for Review of
      v.                                *   an Order of the Immigration
                                        *   and Naturalization Service.
John Ashcroft, Attorney General of      *
the United States,                      *   [UNPUBLISHED]
                                        *
            Respondent.                 *

_____

Submitted:  August 28, 2003
    Filed:  September 4, 2003

_____

Before BOWMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Ali Abdullah Sabhari, a native of Kuwait, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an Immigration Judge's (IJ's) denial of Sabhari's application for asylum, withholding of removal, and relief under the Convention Against Torture. For reversal, Sabhari argues (1) the denial of relief was not supported by reasonable, substantial, and probative evidence, because, among other things, the IJ's credibility findings were flawed; (2) the IJ erred in finding there were no exceptional circumstances explaining the untimely asylum application; (3) the BIA's affirmance without opinion violated his due process rights;

and (4) the IJ's and BIA's failure to fully consider the substantial evidence also violated due process. After careful review of the record, we deny the petition.

Initially, we note that we lack jurisdiction to review the IJ's determination that Sabhari did not show extraordinary circumstances justifying his untimely asylum application. See 8 U.S.C. § 1158(a)(3); Ismailov v. Reno, 263 F.3d 851, 855 (8th Cir. 2001). As to Sabhari's requests for withholding of removal, and relief under the Convention Against Torture, we conclude that denial of relief was not erroneous. The IJ's credibility determinations were supported by substantial evidence, given the significant inconsistencies between Sabhari's application and testimony, as well as significant contradictions within his testimony. Cf. Perinpanathan v. INS, 310 F.3d 594, 597 (8th Cir. 2002) (in asylum cases, court of appeals defers to IJ's credibility findings where they are supported by specific, cogent reasons for disbelief). In any event, Sabhari did not show a clear probability that he will face persecution on account of a protected characteristic, or that he will likely be tortured, upon his return to Kuwait. See 8 C.F.R. § 208.16(c)(2) (2002); Kratchmarov v. Heston, 172 F.3d 551, 554-55 (8th Cir. 1999).

We further conclude that Sabhari's due process claims are unavailing, because the decision is supported by substantial evidence, and there is no indication he presented to the BIA his challenge to the summary affirmance procedure, as he is required to do, see Valadez-Salas v. INS, 721 F.2d 251, 252 (8th Cir. 1983) (per curiam).

Accordingly, we deny the petition.

A true copy.

Attest:

                CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.