# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2842

_____

| | | |
|---|---|---|
| Pedro Mateo, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an |
| v. | * | Order of the Board of |
| | * | Immigration Appeals. |
| John Ashcroft, Attorney General of the | * | |
| United States; Tom Ridge, Department | * | [UNPUBLISHED] |
| of Homeland Security, | * | |
| | * | |
| Respondents. | * | |

_____

Submitted: July 7, 2004
Filed: July 19, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Pedro Mateo, a Guatemalan citizen, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's denial of his application for asylum and withholding of removal, and for relief under the Convention Against Torture (CAT). Having carefully reviewed the record, see Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (standard of review), we deny the petition.

We agree with the BIA that Mateo failed to show past persecution based on political opinion, see INS v. Elias-Zacarias, 502 U.S. 478, 482-84 (1992) (record did not show guerillas sought to recruit asylum applicant based on his political opinion; it is not sufficient that guerillas were attempting to fill their ranks, and applicant must provide some evidence of guerillas' motive), or a well-founded fear of future persecution, see Navarijo-Barrios v. Ashcroft, 322 F.3d 561, 564 (8th Cir. 2003) (BIA may reasonably rely on State Department's assessment of current country conditions as they relate to likelihood of future persecution). Because Mateo's asylum claim fails, his claim for withholding of removal necessarily fails as well. See Lopez-Zeron v. U.S. Dep't of Justice, 8 F.3d 636, 638 (8th Cir. 1993) (per curiam). The evidence was also insufficient to support relief under CAT. See Ngure v. Ashcroft, 367 F.3d 975, 992-93 (8th Cir. 2004) (discussing relevant considerations for relief under CAT; country-condition reports showing generally poor human rights record, and use of lethal force, plus extra-judicial killings by security forces, were alone insufficient to show it was more likely than not that particular individual would be tortured if he returned).

We lack jurisdiction to entertain Mateo's argument concerning "repapering." See 8 U.S.C. § 1252 (g) (no court shall have jurisdiction to hear any cause or claim arising from Attorney General's decision or action to commence proceedings, adjudicate cases, or execute removal orders); 8 C.F.R. § 1240.16 (2004) (Attorney General has sole discretion to apply repapering provisions)[1]; Rojas-Reyes v. INS, 235 F.3d 115, 125-26 (2d Cir. 2000) (statute vests decision in Attorney General alone whether to convert pending suspension-of-deportation case into cancellation-of-removal case).

Accordingly, we deny Mateo's petition for review. As to Mateo's request for reinstatement of voluntary departure, he moved for a stay of removal before his

---

[1]This provision was previously contained in 8 C.F.R. § 240.16 (2003).

voluntary-departure period expired, and we therefore deem this court's grant of his motion for a stay to include a stay of the voluntary-departure period as well.  See Rife v. Ashcroft, No. 03-2127, slip op. at 14-15 (8th Cir. July 7, 2004).

_____