# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2091

_____

| | | |
|---|---|---|
| Omar Finnar Abdirahman, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an |
| v. | * | Order of the Board of |
| | * | Immigration Appeals. |
| John Ashcroft, Attorney General of the | * | |
| United States, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: September 15, 2004
Filed: September 20, 2004

_____

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Omar Finnar Abdirahman, who claims to be a Somali citizen, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of his application for asylum and withholding of removal.[1] In February 1999 Abdirahman attempted to enter the United States using a Kenyan passport issued in another name, and he thereafter applied for asylum on

_____

[1]Abdirahman does not raise the denial of his application for relief under the Convention Against Torture. See Hasalla v. Ashcroft, 367 F.3d 799, 805 (8th Cir. 2004).

the basis of membership in a particular social group--the Asharaf clan--alleging he feared that if he returned to Somalia he would be killed by Ogadeen clan members whom he could identify as his brother-in-law's murderers.[2]   Having carefully reviewed the record, we deny the petition.  See Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (standard of review).

Abdirahman raises numerous challenges to the IJ's adverse credibility findings, relying often on statements--some of which are taken out of context, or are incorrect-- from a manual prepared by the Immigration and Naturalization Service (INS) for training asylum officers.  We find such reliance misplaced.  Cf. Prokopenko v. Ashcroft, 372 F.3d 941, 944 (8th Cir. 2004) (it is doubtful that internal agency memorandum could bind INS or confer substantive legal benefits on aliens).  We agree with the BIA that the IJ's reasoning is "not without its weaknesses," but nonetheless we find that the IJ gave multiple valid reasons for finding Abdirahman's testimony not credible and for discounting the affidavits offered by Abdirahman from two Somalis.  See id. at 945 (when IJ has articulated specific and cogent reasons for discrediting petitioner, credibility determination deserves deference; IJ may properly request corroborating evidence if alien's credibility is in question); cf. Escudero-Corona v. INS, 244 F.3d 608, 612 (8th Cir. 2001) (finding no reversible error in decision to grant little weight to affidavit because, inter alia, no other evidence existed corroborating petitioner's assertions about living in California during period at issue, and petitioner could have called her mother as witness on issue but did not).

Because we defer to the IJ's credibility findings, Abdirahman's arguments about the IJ's alternative findings regarding the merits and discretionary denial of asylum need not be considered; and because his asylum claim fails, his claim for

---

[2]Because the names of the clans were spelled in various ways in the administrative transcript, we have used the spellings found in State Department information.

withholding of removal necessarily fails as well.  See Lopez-Zeron v. U.S. Dep't of Justice, 8 F.3d 636, 638 (8th Cir. 1993) (per curiam) (standard for withholding of removal is more difficult to meet than standard for asylum).

Accordingly, the petition for review is denied.

_____