# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2174

_____

| | | |
|---|---|---|
| Orlando Carillas Chajon, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an |
| v. | * | Order of the Board of |
| | * | Immigration Appeals |
| Alberto Gonzales, Attorney General | * | |
| of the United States, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: February 22, 2005
Filed: July 14, 2005

_____

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Orlando Carillas Chajon petitions for review of an order of the Board of Immigration Appeals affirming an Immigration Judge's (IJ's) denial of his application for asylum and withholding of removal.[1]  Having carefully reviewed the record, see Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (standard of review), we deny his petition.

_____

[1]Chajon is not challenging the IJ's decisions to deny him voluntary departure or relief under the Convention Against Torture. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004).

The IJ's finding that there was no past persecution based on a protected ground, i.e., political opinion, was based on substantial evidence. Chajon testified that he and his family were not members of any political organization, the military, or civil forces, and he offered no evidence to support his belief that guerillas were involved in the 1996 shooting of his father, or to show that guerillas forced his mother to flee to Guatemala City after his father's death. See INS v. Elias-Zacarias, 502 U.S. 478, 482-84 (1992) (upholding denial of asylum to Guatemalan citizen who claimed to have fled guerilla forces attempting to recruit him, as record did not show guerillas sought to recruit him based on his political opinion; it is not sufficient that guerillas were attempting to fill their ranks). While a prehearing sworn statement indicates Chajon told the guerillas he wanted to remain neutral, and Chajon testified that he refused to join the guerillas and had heard they came looking for him after he left for Guatemala City, Chajon also testified that the guerillas targeted his family because they were seeking information about people in the community who had money. A reasonable factfinder could find such evidence insufficient to support an asylum claim based on imputed political opinion or neutrality. See Elias-Zacarias, 502 U.S. 483 (applicant must provide some evidence of guerillas' motive); cf. Lopez-Zeron v. U.S. Dep't of Justice, 8 F.3d 636, 637-38 (8th Cir. 1993) (per curiam) (Honduran applicants, who had resisted recruitment by guerillas, did not show persecution connected to or based on political neutrality: they had not made political statements, taken political positions, or been involved in any organizations, and they did not testify they were targeted because of political neutrality). Because the evidence did not show that the incidents Chajon described were based on a protected ground, it is unnecessary to consider whether the incidents constituted persecution.

Where, as here, an asylum applicant fails to establish past persecution, he is not entitled to a presumption that his fear of future persecution is well founded, and he must independently establish such a fear. See Kondakova v. Ashcroft, 383 F.3d 792, 798 (8th Cir. 2004) (applicant must generally fear persecution and offer credible, specific evidence that reasonable person in his position would fear persecution if

returned), cert. denied, 125 S. Ct. 894 (2005). We agree with the IJ that Chajon failed to do so. Since his 1993 arrival in the United States, guerillas have disbanded; his father's shooting occurred in April 1996 after the guerillas ceased offensive operations in March 1996; and Chajon and his mother had no further contact with the guerillas once they moved to Guatemala City, which is consistent with a State Department report indicating the guerillas have difficulty tracking people who relocate. See Regalado-Garcia v. INS, 305 F.3d 784, 788 (8th Cir. 2002) (objective reasonableness of petitioner's fear of future persecution was undermined by changed conditions in his home country). Contrary to Chajon's assertion on appeal, the IJ did not err by finding speculative his testimony about the reasons he feared returning to Guatemala. Cf. Ghasemimehr v. INS, 7 F.3d at 1389, 1390-91 (8th Cir. 1993) (per curiam) (reasonable factfinder could find that Iranian petitioner lacked well-founded fear of political persecution: IJ relied in part on finding petitioner's testimony--i.e., he believed that he had been photographed by Iranian he did not know during anti-Iranian government demonstration in United States, and that photograph had been sent to Iranian government--lacked credibility as it was too general and speculative).

Because Chajon's asylum claim failed, his claim for withholding of removal necessarily failed as well. See Lopez-Zeron, 8 F.3d at 638. Accordingly, we deny his petition for review.

_____

-3-