# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1072

_____

Cintya Vanessa Vasquez-Solorzano

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: August 28, 2014
Filed: September 2, 2014
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Honduran citizen Cintya Vanessa Vasquez-Solorzano (Vasquez) petitions for review of an order of the Board of Immigration Appeals (BIA), which summarily upheld an immigration judge's (IJ's) denial of asylum and withholding of deportation. After careful consideration, we conclude that we lack jurisdiction to review the denial of asylum because that denial was based on an unexcused delay in filing the asylum

application.  See 8 U.S.C. § 1158(a)(2)(B), (a)(2)(D); Ngure v. Ashcroft, 367 F.3d 975, 989 (8th Cir. 2004).

As for the withholding of removal, we conclude that substantial evidence on the record as a whole supported the finding that Vasquez did not show a clear probability that her life or freedom would be threatened in Honduras on account of her nationality, as she alleged.  See 8 U.S.C. § 1231(b)(3)(A) (withholding-of-removal standard); De Castro-Gutierrez v. Holder, 713 F.3d 375, 379-81 (8th Cir. 2013) (discussing substantial-evidence standard for denial of withholding of removal).  The record supports the IJ's finding that Vasquez did not show the Honduran government condoned or was completely helpless to control the general criminal violence she fears.  See Lopez-Zeron v. United States Dep't of Justice, INS, 8 F.3d 636, 638 (8th Cir. 1993) (fear of general violence in Honduras did not provide basis for relief); see also Guillen-Hernandez v. Holder, 592 F.3d 883, 886 (8th Cir. 2010) (distinguishing between criminal violence and persecution; to establish persecution based on violent conduct of private actor, applicant must show government condoned behavior or was completely helpless to protect victims).  Vasquez's family did not report the random robberies of her father and sister in Honduras to police, and the record contained United States Department of State 2011 country reports showing the Honduran government has taken steps to combat crime and gang activity.  Accordingly, we deny the petition for review.  See 8th Cir. R. 47B.

_____